**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**Jacksonville Division**

**JAMES LOY**

    **Plaintiff,**

v.                                                                                          **CASE NO.:**

**VACATION RENTAL PROS PROPERTY**        **JURY TRIAL DEMANDED**
**MANAGEMENT LLC**

    **Defendant.**
_____/

## COMPLAINT

**COMES NOW**, Plaintiff James Loy ("Plaintiff" or "Mr. Loy") by and through the undersigned counsel, and by way of this Complaint against Defendant Vacation Rental Pros Property Management LLC ("Defendant"), and alleges violations of the Age Discrimination in Employment Act of 1967, as amended 29 U.S.C. §§ 621, *et seq.* ("ADEA").

## JURISDICTION AND PARTIES

1. Mr. Loy is an adult male residing in St. Johns County, Florida.

2. Defendant is a Florida limited liability company, with its headquarters and principal place of business in Ponte Vedra, Florida. At all times relevant to this Complaint, Defendant conducted business in the State of Florida.

3. At all times relevant to this Complaint, Defendant employed 20 or more employees.

4. This Court has jurisdiction over Mr. Loy's ADEA claims pursuant to 28 U.S.C. §§ 1331 and 1343.

5. The allegations in this Complaint primarily involve acts and occurrences while

Mr. Loy was employed by Defendant in St. Johns County, Florida. Accordingly, venue is proper within the United States District Court for the Middle District of Florida, Jacksonville Division pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 1132(e)(2).

### PLAINTIFF'S COMPLIANCE WITH ADMINISTRATIVE PREREQUISITES

6. Mr. Loy has timely complied with all legally required administrative prerequisites prior to initiating this action.

7. Specifically, Mr. Loy timely filed his original charge of age discrimination with the Equal Employment Opportunity Commission on or about March 30, 2020.

8. Pursuant to 29 U.S.C. § 626(d), Plaintiff may bring suit under the ADEA upon expiration of 60 days from the date of filing the EEOC charge.

9. All conditions precedent to bringing this action have been satisfied, waived or excused.

10. This Complaint is timely filed.

### FACTS GIVING RISE TO RELIEF

11. Mr. Loy is an adult male, and is 47 years of age.

12. At all times relevant to this Complaint, Mr. Loy was employed by Defendant as an IT specialist.

13. At all times relevant herein, Mr. Loy performed his duties for Defendant in a highly competent and satisfactory manner.

14. In fact, Mr. Loy had not been subjected to any formal discipline regarding his performance or conduct while employed by Defendant.

15. Mr. Loy was employed by Defendant from approximately March 2018 to January

3, 2020.

16. On January 3, 2020, Mr. Loy's employment was unexpectedly terminated when he was informed that his position was being eliminated due to a reduction in force.

17. However, it is believed that Mr. Loy was the only employee Defendant selected for the alleged reduction in force at that time.

18. Mr. Loy also submits that his position was not actually eliminated, but rather that he was replaced by a substantially younger IT specialist, Joe Resnik.

19. Resnik was recently hired in October 2019, even though there was no need to hire an additional IT specialist at that time.

20. Further, many of Defendant's internal IT functions which Mr. Loy performed would not simply have been eliminated at the time of Mr. Loy's termination, and it is believed that Resnik assumed these duties and responsibilities.

21. The timing of Resnik's hiring, the timing of Mr. Loy's termination, and Defendant's implausible explanation that Mr. Loy's position was eliminated as part of a reduction in force, lead to a reasonable inference that Defendant's proffered legitimate non-discriminatory reason for terminating Mr. Loy's employment was pretextual.

22. Mr. Loy has suffered, and will continue to suffer damages as a result of Defendant's unlawful acts and practices.

23. Mr. Loy has retained the undersigned law firm to prosecute this action and has agreed to pay said law firm a reasonable fee for its services.

## COUNT I

**(Violation of the Age Discrimination in Employment Act of 1967,
as amended 29 U.S.C. §§ 621, *et seq.*-Discrimination)**

24. Mr. Loy restates and realleges each and every factual allegation contained in paragraphs 1 through 23 of this Complaint with the same force and vigor as if set out here in full.

25. Defendant, by and through its agents and employees, intentionally discriminated against Mr. Loy by, among other things, terminating his employment because of his age in violation of the ADEA.

26. Mr. Loy is a member of a protected class under the ADEA as he is over 40 years of age.

27. Mr. Loy was qualified for his position as an IT specialist.

28. Mr. Loy was subjected to adverse employment action when his employment was terminated because of his age.

29. A substantially younger person or persons filled the position from which Mr. Loy was terminated.

30. Even if Mr. Loy's termination is determined to be a position elimination, there is sufficient evidence that Defendant intended to discriminate against Mr. Loy in making its employment decision, and treated similarly situated employees outside of the protected class more favorably than Mr. Loy.

31. The facts and circumstances of the discriminatory treatment of Mr. Loy, and his termination of employment by Defendant, also establish a convincing mosaic of evidence that Defendant, by and through its agents and employees, intentionally discrimination against Mr. Loy

Case 3:20-cv-00672   Document 1   Filed 06/29/20   Page 5 of 5 PageID 5

because of his age in violation of the ADEA.

33.	The acts and omissions committed by Defendant, by and through its agents and employees, were willful and Defendant knew or showed reckless disregard for whether its conduct was prohibited by the ADEA.

33.	As a direct and proximate result of Defendant's unlawful discrimination, by and through its agents and employees, Mr. Loy has suffered and will continue to suffer damages including but not limited to: lost wages in the form of lost back pay and lost front pay, loss of earning capacity, loss of benefits and entitlements, and other economic losses.

**WHEREFORE**, Plaintiff James Loy demands judgment against Defendant for damages and equitable relief including but not limited to: lost back pay, lost front pay, lost benefits and entitlements, loss of earning capacity, and any other lost economic damages; liquidated damages; reinstatement; attorney's fees and costs under the ADEA; prejudgment and post-judgment interest; and such other relief as the Court deems just and proper under the circumstances.

## JURY TRIAL DEMAND

Plaintiff James Loy requests a jury trial on all issues so triable.

Dated this 29th day of June, 2020.

    Respectfully submitted,

    The Law Office of Shands M. Wulbern, P.A.

    By: /s/ Shands M. Wulbern
        Shands M. Wulbern
        Florida Bar No. 0155217
        3063 Hartley Road, Suite 5
        Jacksonville, Florida 32257
        (904) 268-1515
        swulbern@wulbernlaw.com
        *Counsel for Plaintiff*